Mr. Robert M. O'Neal, Director State Board of Collection Agencies P.O. Box 585 Jacksonville, Arkansas 72076
Dear Mr. O'Neal:
This is in response to your request for an opinion on whether a particular company "doing business"[1] in Arkansas is exempt from the licensing requirements for collection agencies set out at A.C.A. 17-21-101 et seq.
It is my opinion, although there may be room for a difference of opinion, that the Board would probably be within the law to require a license of this particular company.
You have enclosed a letter from the company's counsel and a copy of the standard "Purchase Agreement" used by the company, the name of which is "Fedcheck, Inc.". Essentially, the form agreement states that "Fedcheck, Inc." is not a collection agency, but desires to "purchase" checks returned for insufficient funds from a particular merchant. Under the agreement, the merchant agrees to "sell" all of its insufficient checks to Fedcheck, Inc. at face value.
Two types of checks are to be "sold" under the agreement: 1) checks "without recourse", and 2) checks "with recourse". Checks "without recourse" are those which have been refused for payment only once, are for the amount of purchase only, and which meet other requirements set out in the agreement. Fedcheck, Inc. agrees to purchase all checks "without recourse" and to "pay" for them within ninety days of receipt of the checks. Checks "with recourse" are those checks which do not meet the requirements set out in the agreement and also include those checks over a certain dollar amount. Fedcheck, Inc. agrees to process checks "with recourse" in the same manner as checks "without recourse" except the purchase price for checks "with recourse" will be paid to the merchant only in the event that checks are redeemed by the maker, (that is, only if they are collected.) If they are not redeemed by the maker, Fedcheck, Inc. will "reassign" them to the merchant.
Under the agreement, the merchant is to pay Fedcheck, Inc. a certain "initial service fee" and an ongoing monthly fee. The agreement also provides that the monthly fee "can be withheld from any proceeds due [the merchant's] account for checks collected".
The relevant law is set out in A.C.A. 17-21-101 et seq. Section 17-21-301 provides as follows:
 It shall be unlawful for any person, partnership, association, or corporation to conduct within this state a collection agency or engage within this state in the business of collecting claims for others, or of soliciting the right to collect or receive payment for any other person of any claim, or advertise, either in print, by letter, in person, or otherwise, the right to collect or receive payment for another of any claim, or seek to make collection or obtain payment of any claim on behalf of another person without having first applied for and obtained a license from the State Board of Collection Agencies.
You note in your request that Fedcheck, Inc. contends that it is exempt from the above licensure requirements, pursuant to A.C.A.17-21-102 (a)(9), which provides in pertinent part as follows:
(a) The provisions of this chapter shall not be applicable to:
 (9) . . . Any person, firm, corporation, or association which, for a valuable consideration, purchases accounts, claims, or demands of another and then, in such purchaser's own name, proceeds to assert or collect the accounts, claims, or demands.
This provision exempts from the licensure requirement persons "purchasing" claims and collecting them in their own name. Thus, the crucial issue in determining whether a license is required for Fedcheck, Inc. is whether it is actually "purchasing" these insufficient checks, and collecting them in its own name.
It is my opinion that although, under the agreement, ownership of the checks may technically change after the "sale" or "assignment", the agreement between the merchant and Fedcheck, Inc. is not a true "purchase" of the checks for several reasons. Firstly, one does not ordinarily charge someone a monthly fee to "purchase" something from them. If these checks were truly being purchased, the buyer would offer a price for the checks which would be discounted based upon the probability of collecting them. This would be the end of the transaction between the buyer and the seller. The checks would not be "purchased", as here, at face value, and then a monthly fee charged to "purchase" them. Secondly, although it is my opinion that none of the checks are truly "purchased", the "purchase" of the checks "with recourse" is clearly not within the exemption provided in the statute. The statute exempts persons who, for a valuable consideration, purchase accounts or claims of another. Fedcheck, Inc. is not "purchasing" the "with recourse" checks for a valuable consideration. It has the right to take them, try to collect them, and then return them to the merchant if they are not redeemable. There is no valuable consideration given to consummate the purchase. Thirdly, the language of the agreement itself, although it states clearly that Fedcheck, Inc. is not a collecting agency, tends toward the conclusion that these checks are being collected for the merchant. The final paragraph of the agreement states that the monthly fee can be withheld from "any proceeds due [the merchant's] account for checks collected". This language supports the contention that the checks are "collected" on behalf of the merchant and not "purchased" from it.
Based upon all of the foregoing, it is my opinion that the board would have substantial grounds for requiring Fedcheck, Inc. to obtain a license under A.C.A. 17-21-301. Of course, as always, predicting what a circuit court would hold on the issue, upon an appeal of the board's decision, is an uncertain matter. It is my opinion, however, that the board has at least a reasonable basis for requiring a license in this instance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] It will be assumed herein that the company, "Fedcheck, Inc.", has sufficient business operations in Arkansas to require an Arkansas collection agency license, as we have not been provided with any information in this regard, and it does not appear to be the thrust of your question.